## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SUMMIT ELECTRIC SUPPLY CO., INC.,**

      **Plaintiff,**

**vs.**                                                     **Civil No. 07-0431 MCA/DJS**

**INTERNATIONAL BUSINESS MACHINES CORP.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Honorable M. Christina Armijo's May 21, 2009 Order, sustaining International Business Machines Corporation (IBM) Objections to Order of the Magistrate Judge and Request for Expedited Stay (Doc. No. 148).  In the May 21, 2009 Order, Judge Armijo set aside the Court's April 28, 2009 Sanction Order and referred it to the undersigned magistrate judge for reconsideration after IBM filed its response.[1]  Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant, in part, Summit's Rule 37(b) Motion for Sanctions Against IBM for Failure to Comply with the Court's Discovery Order.

---

[1] In the May 21, 2009 Order, Judge Armijo also submitted IBM's claims of privilege regarding IBM's Documents Nos. 16, 17, and 43 for reconsideration by the undesigned magistrate judge.  The Court addressed that issue in its June 19, 2009 Order (Doc. No. 165).

Summit moves the Court for sanctions against IBM for failing to comply with the Court's April 2, 2009 Discovery Order (Document No. 133).[2]  In the April 2, 2009 Discovery Order, the Court ordered IBM to tender all records, for *in camera* review, which related to the Andresen review.  Specifically, the Court stated:

> IBM shall provide the Court will all privileged documents listed in its Third Supplemental Privilege Log.  Moreover, to the extent IBM has not produced other records or communications which relate to Mr. Andresen's review and which are not identified on IBM's Third Supplemental Privilege Log, IBM shall produce them.

April 2, 2009 Order at 5.  Notwithstanding, IBM tendered only the records related to the Andresen review which were identified in its Third Supplemental Privilege Log.

Initially, IBM argued it had only produced the documents listed on its Third Supplemental Privilege Log for *in camera* review because Summit had not "timely challenged any specific document identified in any of these subsequent logs."[3]  *See* Doc. No. 136.  The "subsequent logs" IBM was referring to were three supplemental privilege logs which IBM produced subsequent to the filing of  Summit's Second Motion to Compel.  IBM further stated,

---

[2] The Court's April 2, 2009 Discovery Order addressed Summit's December 1, 2008 Second Motion to Compel (Doc. No. 70).  Summit filed its Second Motion to Compel after IBM objected to Request for Production No. 45 which sought "all documents and records including electronically stored records, which concern, refer, or related to any review or analysis of the Summit/Wholesale Express Project by Robert Andresen."  Summit Second Mot. Compel (Doc. No. 70); Ex.1.

[3] Even though Summit moved the Court in its Second Motion to Compel to produce all records relating to the Andresen review, IBM argued that Summit could not seek production of documents which IBM had not yet identified in IBM's privilege logs.  As Summit points out, it was impossible for Summit to "specifically identify" all Andresen records IBM withheld at the time Summit filed its motion because it could not know what responsive documents IBM would withhold on similar grounds in future production.  Summit's Reply at 4; *see also* Resp. Opp'n IBM's Objections at 4 (Doc. No. 150).

"if the Court wishes to review any of those documents *in camera*, then IBM will submit them upon the Court's direction." *Id.*

Now IBM's reason for not tendering all the Andresen records to the Court is that the Court's April 2, 2009 Discovery Order was ambiguous. IBM contends it fully complied with the Court's April 2, 2009 Discovery Order when it provided the Court with all privileged documents listed in its Third Supplemental Privilege Log and produced all non-privileged documents related to Mr. Andresen's review. According to IBM,

> In one sentence, the Magistrate Judge ordered IBM 'to provide the Court with all privileged documents listed in its Third Supplemental Log.' That language clearly ordered IBM to do precisely what IBM did– tender documents from its Third Supplemental Privilege Log to the Magistrate Judge. In the next sentence, however, the Magistrate Judge ordered that IBM 'shall produce' Andresen-related documents that were not listed on IBM's Third Supplemental Privilege Log. IBM did not equate the words 'shall produce' with the words 'provide the Court,' and IBM contends that such a construction is not reasonable. 'Produce' has a specific meaning in federal discovery practice, and it does not mean 'provide the Court." The Magistrate Judge's Order was ambiguous in that (IBM now knows) the Order used two different phrases to describe the same action: submitting documents for *in camera* review.

IBM's Objections to Orders of the Magistrate Judge (Doc. No. 148) at 7-8. This is merely an exercise in semantics. IBM's explanation is not credible. Moreover, IBM did not object to the Court's Discovery Order or seek clarification from the Court. Instead, IBM waited until the Court's deadline (two weeks) to comply with the Court's Discovery Order.

IBM also points to the Court's April 28, 2009 Sanction Order stating the Court "corrected the ambiguity of the Discovery Order by stating that 'IBM **shall** produce **all** records or communications which relate to Mr. Andresen's review for *in camera* review [on or before May 1, 2009]." *Id.* at 8 (citing to the Court's April 28, 2009 Sanction Order (Doc. No. 140)).

Nonetheless, although IBM admits there was no ambiguity in the April 28, 2009 Sanction Order, IBM failed to comply with it.

In its response to Summit's Motion for Sanctions, IBM states that "[i]n completing its document production, IBM located a <u>small number</u> of additional, clearly privileged emails sent or received by Mr. Andresen, which IBM will tender to the Court for in camera review very shortly."  IBM Resp. at 4 (emphasis added).  On **May 29, 2009**, IBM tendered thirty-one documents (over 250 pages) for *in camera* review.[4]  *See* Def. IBM Supplemental Notice of Tender of Privileged Documents for *In Camera* Review (Doc. No. 160).  The only explanation IBM offered for not tendering these documents before May 1, 2009, was that it "was unaware until a few days ago that the hard-copy set of attorney e-mails contained any communications relating to 'Mr. Andresen's review . . . .'"  Id. n.1.  IBM also stated it would include these documents in its final supplemental privilege log.  As of June 12, 2009, Summit contends IBM has not produced its "final" privilege log.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the Court to "issue further just orders" and to impose various sanctions upon a party for failure to comply with "an order to provide or permit discovery."  FED.R.CIV.P. 37(b)(2)(A).  Some of the sanctions listed under Rule 37 (b) include:  (i) ordering that designated facts be taken as established; (ii) precluding the disobedient party from supporting or opposing matters at issue or introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action; (vi) rendering a default judgment against the

---

[4] The Court has reviewed these documents and finds that the documents are protected by the attorney-client privilege.  Accordingly, Summit Electric's Second Motion to Compel as to these documents is denied.

disobedient party; and (vii) treating the failure to obey the discovery order as contempt of court. FED.R.CIV.P. 37(b)(2)(A)(i)- (vii).  The Court may, '[i]nstead of or in addition to the orders above . . . order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust."  FED.R.CIV.P. 37(b)(2)( C).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

Under Rule 37(b), the burden of showing substantial justification and special circumstances is on the party being sanctioned. *See Kayhill v. Unified Government of Wyandotte County/Kansas City, Kansas*, 197 F.R.D. 454, 460 (D. Kan. 2000)(granting motion for sanctions for failure to comply with court's order because plaintiff had not shown that her failure to respond was substantially justified or that other circumstances made an award of fees unjust). *Aktipis v. Loyola University of Chicago*, No. 98-3005, 1999 WL 164926 (7th Cir.1999)(upholding district court's awarding of attorney's fees and costs under rule 37(b)); *O'Neill v. AGWI Lines*, 74 F.3d 93, 96 (5th Cir.1996)(upholding district court's awarding of attorney's fees pursuant to rule 37(b)).

In this case, Summit requests the Court sanction IBM and find that IBM's failure to tender the records is a waiver of IBM's claim of privilege.  Summit also requests the Court award it its costs for having to file this motion.  The Court will not find that IBM has waived its claim of privilege.  However, because the Court finds that IBM's has not shown that its failure to comply with the Court's Discovery Order was substantially justified or that other circumstances make an award of fees unjust, the Court will require IBM to pay Summit its reasonable

expenses, including attorney's fees, for having to file this motion.  Summit shall file its

application for reasonable attorney fees.  IBM may respond to Summit's Application.


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**